IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

VICTOR GUERRA INTERIANO,[1]
        *Petitioner*,

   v.

TODD M. LYONS, *et al.*,
        *Respondents*.

1:26-cv-01218-MSN-LRV

## **ORDER**

On May 8, 2026, Petitioner Victor Guerra Interiano ("Petitioner"), through counsel, filed an Amended Petition for Writ of Habeas Corpus (the "Petition"). ECF 4. The Petition alleges that Petitioner "has resided in the United States since the year 2013"[2]; was arrested on May 1, 2026 "on his way to work"; has a prior order of removal pursuant to 8 U.S.C. § 1231(a)(5) that "ICE has reinstated"; and that, "[p]ursuant to *Matter of Yajure Hurtado*, [an] immigration judge is unable to consider Petitioner's bond request." ECF 4 ¶¶ 25-30. Based on these allegations, the Petition claims that Respondents have failed to provide Petitioner with a reasonable fear interview required under 8 C.F.R. § 241.8(e) and 8 C.F.R. § 208.31(a)-(b), thereby violating the Immigration and Nationality Act's ("INA") regulations and his right to due process.[3]

---

[1] While Petitioner filed this action using the name "Victor Guerra Imperiano," Respondents contend that his legal name is Victor Guerra Interiano. ECF 6 at 1 n.1. Petitioner did not respond to this discrepancy but his counsel updated the case caption in his Reply brief to reflect Respondents' view of his legal name. ECF 10. Accordingly, the Clerk is directed to update the case caption in this action to reflect Petitioner's correct name.

[2] As a factual matter, the Court questions whether this allegation is correct. Respondents have provided evidence that Petitioner was removed from the United States on December 4, 2013, and later reentered the United States at an unknown date and location. ECF 6-2 at ¶¶ 7-8.

[3] Petitioner also claims throughout his Petition that his detention is properly governed by 8 U.S.C. § 1226(a) but that the Department of Homeland Security ("DHS") considers him to be an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF 4 ¶¶ 3-8, 16, 35-36. He argues that he is entitled to release unless Respondents provide him with a bond hearing under 8 U.S.C. § 1226(a). ECF 4 ¶ 8. This argument is plainly incorrect and irreconcilable with Petitioner's contention that he is subject to a reinstated final order of removal. Individuals who have received a final order of removal are not subject to detention under § 1225 or § 1226 but are detained pursuant to 8 U.S.C. § 1231(a). As such, Petitioner's claim that his detention should be governed by § 1226(a) is improper and misleading. The Court notes that this is not the first time that Petitioner's counsel and her law firm have erroneously copied and pasted from other habeas petitions and misrepresented material facts or arguments to the Court. *See Orellana-Escobar v. Lyons*, 1:26-cv-349, ECF 10 (E.D.

On May 13, 2026, Respondents submitted a Response in Opposition to the Petition confirming that Petitioner is currently detained pursuant to a reinstated order of removal under 8 U.S.C. § 1231(a)(5). ECF 6 at 2; ECF 6-2 ¶ 9. Respondents, however, explained that "[t]o this date, Petitioner has not claimed a fear of returning" to his home country of Guatemala. ECF 6 at 2; ECF 6-2 ¶ 10.  Respondents therefore urge the Court to dismiss the Petition as moot.

Respondents' argument is well taken. Under 8 C.F.R. § 208.31(a)-(b), if a noncitizen who has received a reinstated final order of removal expresses a fear of returning to the country of removal, DHS must refer the individual to an asylum officer for a reasonable fear determination. In the event that an asylum officer determines the noncitizen has a reasonable fear of persecution or torture, the officer must then refer the individual to an Immigration Judge to consider whether withholding of removal is appropriate. *Id.* § 208.31(e).

Petitioner contends that Respondents violated the INA's regulations and his right to due process by failing to provide him with this credible fear process. Yet Petitioner does not dispute that he has never personally expressed a fear of returning to Guatemala to an immigration official.[4] The Petition thus fails to present a live controversy and must be dismissed as moot. *See, e.g.*, *Eden, LLC v. Justice*, 36 F.4th 166, 169 (4th Cir. 2022) (explaining that an issue is moot when the legal questions "are no longer live or the parties lack a legally cognizable interest in the outcome" (internal quotation marks omitted)).

---

Va. Mar. 23, 2026); *Doudeche v. Lyons*, 1:26-cv-903, ECF 8 (E.D. Va. May 11, 2026). The Court will remind counsel once again that "an attorney's basic professional and ethical responsibilities to her client and the Court require diligent investigation and forthright presentation of the pertinent facts and law. Anything less at the very least wastes the time and resources of all parties involved—including that of the Petitioner, whose liberty is at stake in a habeas action." *Orellana-Escobar*, 1:26-cv-349, ECF 10 at 9.

[4] Petitioner argues in his Reply brief that Respondents *now* are "indisputably on notice" that he fears return to Guatemala. ECF 10 at 2. But even assuming that Petitioner's allegations through counsel in this action are sufficient to express a credible fear, he has not shown that Respondents have refused to refer him to an asylum officer for a reasonable fear determination or that an asylum officer has refused to make that determination within the required timeframe. *See* 8 C.F.R. § 208.31. The Court makes no determination as to whether Plaintiff will be able to make that showing in the future. On the facts of his present Petition, however, Plaintiff has not stated a live claim for relief.

Accordingly, it is hereby

ORDERED that the Petition be DENIED WITHOUT PREJUDICE.

The Clerk is directed to enter judgment in Respondents' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/

Michael S. Nachmanoff
United States District Judge

May 21, 2026
Alexandria, Virginia

3